**SO ORDERED.**

**SIGNED this 20 day of August, 2007.**

_____
**A. Thomas Small
United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION**

| | |
|---|---|
| **IN RE:** | **CASE NO.** |
| **DAVID LAWRENCE SPARKS** | **05-06180-5-ATS** |
| **DEBTOR** | |

**ORDER DENYING SANCTIONS AND INJUNCTION**

The matter before the court is the motion filed by the chapter 7 debtor, David Lawrence Sparks, for sanctions and an injunction against the North Carolina Department of Revenue ("DOR"). A hearing took place in Raleigh, North Carolina on August 15, 2007.

David Lawrence Sparks filed a petition for relief under chapter 13 of the Bankruptcy Code on October 13, 2005. The case was converted to a case under chapter 7 on April 4, 2006. On July 12, 2006, the debtor received a discharge. The debtor had included in his bankruptcy petition a debt owed to the DOR for income taxes for 1996, 1998, and 2001. The debtor contends that this debt was discharged and that the DOR is improperly garnishing his wages to collect payment of these discharged taxes. The debtor seeks an injunction against the DOR, prohibiting further collection, as well as sanctions. The debtor also filed a motion to reopen his bankruptcy case, which was granted on June 4, 2007.

The DOR first objected to the debtor's motion on the grounds that it should have been brought as an adversary proceeding pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure. The court agrees. However, the parties agreed at the hearing to go forward, treating the proceeding as a contested matter. The DOR contends that the debtor failed to file amended tax returns as required by North Carolina law, and therefore was not discharged from liability for his 1996, 1998, and 2001 taxes.

The facts are not disputed. The debtor filed income tax returns for tax years 1996, 1998, and 2001. The federal government made corrections to the tax returns, resulting in an increased tax liability for each year. The North Carolina DOR then issued assessments for each tax year, reflecting an additional amount of state tax due based on the increased taxable income as corrected. Under North Carolina law (as effective during the relevant tax years), "[i]f a taxpayer's federal taxable income is corrected or otherwise determined by the federal government, the taxpayer must, within two years after being notified of the correction or final determination by the federal government, file an income tax return with the Secretary reflecting the corrected or determined taxable income."[1] N.C. Gen. Stat. § 105-159 (1994). The debtor did not file amended returns for tax years 1996, 1998, or 2001.

The DOR argues that because the debtor failed to file amended returns for the tax years in question, the debt arising from the additional taxes owed is nondischargeable under 11 U.S.C. § 523(a)(1)(B)(i). This section of the Bankruptcy Code provides that "[a] discharge under section 727 . . . of this title does not discharge an individual debtor from any debt – (1) for a tax . . . (B) with respect to which a return . . . if required – (i) was not filed." 11 U.S.C. § 523(a)(1)(B)(i). The debtor argues that the DOR assessment

---

[1] The statute now requires taxpayers to file a tax return within six months of notification.

2

did not instruct him to re-file, but rather only informed him of the deadline for disputing the assessment, if desired. Based on this impression, the debtor accepted the assessment and thought this was all he had to do.

In support of its position, the DOR cites In re Cannon, Case No. 95-00555-8-JRL (Bankr. E.D.N.C. Feb. 10, 1999), a factually similar case in which the debtor failed to file an amended return following an assessment by the DOR based on federal corrections. The court in Cannon held that the debtor's failure to file a new return as required by North Carolina law placed the debt "squarely within § 523(a)(1)(B)(i)," rendering the debt nondischargeable. This court has also ruled on the present issue, finding that North Carolina General Statute § 105-159 requires the filing of a new tax return upon notice of correction by the federal government, and that "[p]ursuant to 11 U.S.C. § 523(a)(1)(B)(i) a debtor does not receive a discharge under 11 U.S.C. § 727 from a debt for a tax with respect to which a required return was not filed." In re Averett, Case No. 97-00778-5-ATS (Bankr. E.D.N.C. Feb. 5, 1999), aff'd sub nom, Averett v. North Carolina (In re Averett), Case No. 5:99-CV-234-B (E.D.N.C. July 13, 1999); See also Cheek v. North Carolina Dept. of Revenue (In re Cheek), Adv. Pro. No. S-99-00012-8-AP (Bankr. E.D.N.C. Oct. 18, 1999). The obligation under North Carolina law is clear – whether or not the debtor accepted the assessment, he was required to file a new return. Because the debtor did not file a new return within two years of receiving notice of each assessment, the debtor's income tax debt for 1996, 1998, and 2001 is nondischargeable pursuant to § 523(a)(1)(B)(i).

In the alternative, the debtor argues that only the increased amount of tax owed should be considered nondischargeable, as opposed to his entire tax liability for 1996, 1998, and 2001. However, § 523(a)(1)(B)(i) provides that any "... *debt* – (1) for a *tax* ... (B) with respect to which a return ... if

3

required – (i) was not filed" is nondischargeable. 11 U.S.C. § 523(a)(1)(B)(i) (emphasis added). Since the statute refers to the entire amount of tax due, this argument fails.

Accordingly, the debtor's motion for sanctions is **DENIED** and the debt for taxes from tax years 1996, 1998, and 2001 is **NONDISCHARGEABLE**.

**SO ORDERED**.

**END OF DOCUMENT**